UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JOSEPHINE WALETZKO, | Case No. 15-cv-317 |
|          Plaintiff, | |
| vs. | |
| CAPITAL ONE, N.A. F/K/A HSBC BANK; FD HOLDINGS LLC A/K/A KROLL FACTUAL DATA, INC.; CORELOGIC CREDCO, LLC; AND EQUIFAX MORTGAGE SOLUTIONS LLC, | |
|          Defendants. | |

---

## COMPLAINT

NOW COMES, Plaintiff Josephine Waletzko, by and through her attorneys, DeLadurantey Law Office, LLC, and Stanek Law Office and complains of Defendants Capital One, N.A. f/k/a HSBC Bank; FD Holdings LLC a/k/a Kroll Factual Data, Inc.; Corelogic Credco, LLC; and Equifax Mortgage Solutions LLC and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

#### Nature of the Action

1.   This lawsuit arises from a credit report dispute and incorrect reporting that the Plaintiff is deceased.

2.   Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**Jurisdiction and Venue**

3. Plaintiff brings this action for alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

4. This Court has jurisdiction over the claims arising under the Fair Credit Reporting Act under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

5. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within five and two years from the date on which the violations occurred.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**Parties**

7. Plaintiff Josephine Waletzko (hereinafter "Ms. Waletzko") is a natural person who is very much alive and resides in the city of Bloomer, County of Chippewa, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Capital One, N.A. f/k/a HSBC Bank ("Defendant Capital One") is a foreign corporation with a principal office of 1680 Capital One Drive, McLean, VA 22102 and a registered agent of Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond VA, 23219.

9. Defendant Capital One is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

10. Defendant FD Holdings LLC a/k/a Kroll Factual Data, Inc. ("Defendant Kroll") is a foreign corporation with a principal office of 250 E. Broad Street, Columbus, OH 43215, and a

registered agent office of CSC-Lawyers Incorporating Services, 50 W. Broad St., Suite 1800, Columbus, OH 43215.

11.     Defendant Kroll is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

12.     Defendant Corelogic Credco, LLC. ("Defendant Credco") is a foreign corporation with a principal office of 1 CoreLogic Drive, Westlake, TX 76262, and a registered agent office of Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

13.     Defendant Credco is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

14.     Defendant Equifax Mortgage Solutions LLC ("Defendant Equifax Mortgage") is a foreign corporation with a principal office of 8015 East Gate Dr., Suite 102, Mount Laurel, MJ 08054.

15.     Defendant Equifax Mortgage is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

**Factual Allegations**

16.     In May 2012, Defendant Capital One purchased the HSBC credit card portfolio.

17. Ms. Waletzko was reported by Defendant Capital One as deceased to Experian Information Solutions LLC and Equifax Information Services LLC.

18. Ms. Waletzko, however, is not deceased.

19. As a results of this "deceased status," Ms. Waletzko did not have a credit score associated with her credit file with Experian and Equifax.

20. In 2013, Ms. Waletzko wanted to obtain financing for a house, but she was denied by multiple lenders and financial institutions due to the fact that her credit report reflected that she was deceased.

21. In 2014, Ms. Waletzko wanted to obtain financing for a car, but she was denied at multiple financial institutions due to the fact that her credit report reflected that she was deceased.

22. Additionally, Ms. Waletzko had to endure belittling comments and being the brunt of jokes as she attempted financing for a car due the fact that her credit reports reflected that she was deceased.

23. Ms. Walezko was also denied insurance due to the "deceased record" on her credit file with the Defendants.

24. Ms. Walezko contacted Defendant Capital One through the credit reporting agencies, but they continued to report the deceased status.

25. Ms. Waletzko contacted Defendant Kroll, but they continued to report on her credit file that she was deceased.

26. Defendant Kroll compiled multiple reports for third parties showing the incorrect "deceased status."

4

27. Defendant Credco complied a report for at least one third party showing the incorrect "deceased status."

28. Defendant Equifax Mortgage complied a report for at least one third party showing the incorrect "deceased status."

### Count 1 – Violations of the FCRA, Defendant Capital One (15 U.S.C. §1681, *et seq.*)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant Capital One prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Ms. Waletzko, as defined in the Fair Credit Reporting Act.

31. Defendant Capital One violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Ms. Waletzko's credit report to accurately reflect that she was not deceased.

32. As a result of Defendant Capital One's failures to correct their erroneous and derogatory credit reporting, Ms. Waletzko has suffered reduced credit access, a barrier to financing, increased cost to borrow, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

33. Because Defendant Capital One disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Ms. Waletzko to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

34. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### Count 2 – Violations of the FCRA, Defendant Kroll (15 U.S.C. §1681, *et seq.*)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant Kroll also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

37. Defendant Kroll prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Waletzko to current and potential creditors.

38. Defendant Kroll violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Waletzko's consumer credit file by allowing one tradeline to report as deceased when they should have known, looking at her credit file as a whole, that she was still alive, by falsely reporting that she was deceased and by failing to conduct a reasonable investigation with respect to the information provided by Ms. Waletzko that she was very much alive.

39. As a result of Defendant Kroll's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

40. Defendant Kroll's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

41. Alternatively, Defendant Kroll's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## Count 3 – Violations of the FCRA, Defendant Credco (15 U.S.C. §1681, *et seq.*)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant Credco also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

44. Defendant Credco prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Waletzko to current and potential creditors.

45. Defendant Credco violated 15 U.S.C. § 1681e and by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Waletzko's consumer credit file but allowing one tradeline to report as deceased when they should have known, looking at her credit file as a whole, that she was still alive.

46. As a result of Defendant Credco's violations of 15 U.S.C. §§ 1681e(b), the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

47. Defendant Credco's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

48. Alternatively, Defendant Credco's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## **Count 4 – Violations of the FCRA, Defendant Equifax Mortgage**

## **(15 U.S.C. §1681,** *et seq.***)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant Equifax Mortgage also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

51. Defendant Equifax Mortgage prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Waletzko to current and potential creditors.

52. Defendant Equifax Mortgage violated 15 U.S.C. § 1681e and by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Waletzko's consumer credit file but allowing one tradeline to report as deceased when they should have known, looking at her credit file as a whole, that she was still alive.

53. As a result of Defendant Equifax Mortgage's violations of 15 U.S.C. §§ 1681e(b), the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

54. Defendant Equifax Mortgage's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Alternatively, Defendant Equifax Mortgage's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## Trial by Jury

56. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Waletzko prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against the Defendants for the Plaintiff;

B. Statutory and punitive damages against the Defendants pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

D. For such other and further relief as may be just and proper.

Dated this 28th day of May, 2015.

/s/ Heidi N. Miller
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
DELADURANTEY LAW OFFICE, LLC
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com

Jon Stanek
STANEK LAW OFFICE, LLC
P.O. Box 1085
Eau Claire, WI 54702
jon@staneklawoffice.com
P: 715-379-0744
F: 715-318-0278

Attorneys for the Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN )
) ss 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
COUNTY OF Chippewa )

Plaintiff Josephine Waletzko, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Josephine Waletzko*
Josephine Waletzko